### THOMAS EVANS *v.* COMMONWEALTH.

**Criminal Law—Evidence.**

> In a prosecution for perjury charging that the accused falsely wilfully and knowingly testified in a judicial proceeding that he saw a named person set fire to a certain house, which was burned by the firing, it was error for the court to refuse to permit the defense to prove that the named person did burn the house, that he had before that time threatened to burn it, and that the general character of said named person was bad and was that of a house-burner.

#### APPEAL FROM OHIO CRIMINAL COURT.

September 23, 1879.

OPINION BY JUDGE HINES:

Appellant was indicted and convicted upon the charge of falsely, wilfully and knowingly testifying, in a judicial proceedings, that he saw S. L. Midkiff set fire to a certain house which was burned by the firing.

On the trial appellant offered to prove by several witnesses that

Midkiff did burn the house, that he had previous to the burning, threatened to burn it, and by other witnesses that the general character of Midkiff was bad, and that of a house burner. This evidence the court refused to hear, and this refusal is the principal cause of complaint on this appeal.

The gravamen of the charge against appellant is that he swore falsely when he stated that he saw Midkiff set fire to the house, and while Midkiff might have been innocent of the charge of burning, as the law presumes him to be, yet the fact would not be conclusive of the guilt of appellant; and on the other hand the guilt of Midkiff would not necessarily establish the innocence of appellant. Any evidence going to show that Midkiff did the burning would be competent as tending to establish the fact that appellant saw him do the burning, and should have been permitted to go to the jury with that view. The objection that a collateral issue would thus be found, and the guilt or innocence of one not charged with crime incidentally inquired into, is overbalanced by the consideration that in no other way can the accused have a full and fair presentation of the question of guilt or innocence. The weight of such evidence is, as in all other cases, for the consideration of the jury, and how far it may go to outweigh the evidence tending to show that appellant was not present or near the house the night it was burned, and could not, therefore, have known who set fire to it, cannot be a matter of speculation for the court. *Galloway v. State, 29* Ind. 442. We are of the opinion that both in reason and on authority, the evidence was competent. For the reasons indicated it is competent to prove that Midkiff threatened to burn the house.

Inquiry may be made, for the purpose of impeaching him, into the general moral character of Midkiff, and as to whether he is worthy of credit on oath. *Henderson v. Hayne,* 2 Met. 342; *Thurman v. Virgin and Wife,* 18 B. Mon. 785. But evidence that he has been guilty of other acts of the kind charged, or that he has a tendency in that way, is not competent. I Wharton on Criminal Law, Sec. 640.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Walker & Hubbard, for appellant. Hardin, for appellee.*